78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debi A. BOLING, a single person, Plaintiff-Appellee,
v.
The SUNRIDER CORPORATION, a foreign corporation, dba
Sunrider International; Vitalite & Sunergy, a
Division thereof; Tei Fu Chen and Jan
Doe Chen, husband and wife,
Defendants-Appellants.
 No. 94-16180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Feb. 27, 1996.
 
 1
 Before: BROWNING, CANBY, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The Sunrider Corporation appeals the district court's ruling that Ken Andrews' out-of-court statements were not admissible as "statements against interest." Fed.R.Evid 804(b)(3). Sunrider argues Andrews' statements are admissible because they were incriminating, did not minimize his role, and were corroborated by circumstantial evidence.[1] We review for an abuse of discretion, and affirm.[2]
 
 
 4
 Although the statements clearly inculpate Andrews, they are not admissible under Rule 804(b)(3) unless they were also "made under conditions that suggest [Andrews'] sincerity and reliability." United States v. Slaughter, 891 F.2d 691, 701 (9th Cir.1989) (Wallace, J., concurring).[3] To answer this question, "we must consider the circumstances under which [Andrews] spoke." United States v. Magana-Olvera, 917 F.2d 401, 407 (9th Cir.1990).
 
 
 5
 The conditions under which the statements were made do not suggest Andrews' sincerity and reliability. Andrews stood to benefit from making the statements. He overtly attempted to "curry favor"--and obtain money--from Sunrider, and suggested Sunrider conceal the payment in a variety of ways. See, e.g., id. at 408-09 (incriminating statements made in the hopes of currying favor with authorities were properly excluded). Moreover, as Andrews cheerfully noted, his statements were likely to harm his arch-enemy, McDonald. Although Andrews recognized his statements "could wind me up in the joint for two to five years," he had reason to expect that if the authorities believed him, they would treat him leniently and focus on McDonald, a former U.S. Attorney and Arizona trial judge.
 
 
 6
 Andrews "had sufficient time to fabricate [a] story." Slaughter, 891 F.2d at 701 (Wallace, J., concurring). His statements were deliberate and calculated, not spontaneous. See, e.g., United States v. Layton, 720 F.2d 548, 560 (9th Cir.1984) (noting that statements "were spontaneous statements made to a trusted advisor and were made as the events were occurring or about to occur"). Although asked to do so, Andrews refused to make sworn statements about the tampering.
 
 
 7
 Substantial corroborating evidence supports Boling's story. Sunrider presented no corroborating evidence Andrews could not have fabricated. Altizer's affidavit refutes Andrews' statements. McDonald, whom the district court found credible, flatly contradicted Andrews' statements that McDonald knew of the tampering.
 
 
 8
 We conclude that the district court did not abuse its discretion by excluding Andrews' statements.[4] However, nothing in our decision should be construed as a comment on the merits of the case.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sunrider's circumstantial evidence includes: (1) Andrews' purchase of safety equipment using the alias "Ken Robertson," (2) Todd Chase's involvement with Andrews, (3) a photograph depicting two bottles Andrews said contained lead acetate and thallium, (4) Andrews' accurate description of thallium and lead acetate, and (5) McDonald's belief that Andrews contaminated the Nutrien
 
 
 [2]
 Sunrider argues that we should review the district court de novo because the court did not extensively explain its ruling. We disagree. Nothing in the record suggests the district court misconstrued the hearsay rule
 
 
 [3]
 Boling also invites us to exclude Andrews' statement on the ground that he was "available" (thus precluding the application of Rule 804(b)(3)). We decline the invitation: Andrews' out-of-the-country absence due to illness rendered him unavailable under Rule 804. See Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 713 (9th Cir.1992) (holding one to two week illness renders declarant unavailable under Rule 804)
 
 
 [4]
 We do not address Boling's claim that Sunrider breached the settlement agreement because she did not adequately present the claim to the district court